UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LEE FIELD Jr.,<br><br>  Plaintiff,<br><br>  v.<br><br>D.K. SISTO,<br><br>  Defendant. | NO. CV-06-2562-RHW JPH<br><br>REPORT AND RECOMMENDATION TO TERMINATE STAY AND TO DENY HABEAS CORPUS PETITION |

**THIS MATTER** comes before the Court on Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Ct. Rec. 1). Petitioner, Marshall Field, is proceeding pro se. Respondent is represented by Kasey Jones, a Deputy Attorney General for the State of California.

## BACKGROUND

Field is a state prisoner currently in the California Department of Corrections and Rehabilitation, incarcerated at the California Men's Colony in San Luis Obispo, CA.

After entering a guilty plea Field was found guilty of second degree murder and sentenced on February 20, 1980 in Santa Clara County Superior Court to fifteen years to life plus a three year enhancement. (Ex. 1, Abstract of Judgment) Field does not challenge his conviction and sentence in these proceedings.

On August 23, 2004, Field attended a parole consideration hearing. The Board of Prison Terms ("BPT") denied him parole. Field timely filed a petition for habeas corpus relief in the

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 1

Santa Clara County Superior Court. The Superior Court denied Field's petition, finding that the record before the Board fully supported their findings and conclusions. The court cited *In re Dannenburg*, 34 Cal. 4th 1061 (2005), and *In re DeLuna*, 126 Cal. App. 4th 585 (2005) in support of its decision. (Ex. 3, Santa Clara Superior Ct. Order dated March 28,2005.)

After receiving the Superior Court's denial, Field filed a petition in the California First District Court of Appeal. It was summarily denied. (Ex. 4, First Appellate District Order dated July 12, 2005.)

Field then filed a petition in the California Supreme Court. The Court denied the petition citing *In re Rosenkrantz*, 29 Cal. 4th 616 (2002) and *In re Dannenburg*, 34 Cal. 4th 1061(2005). (Ex. 5, Supreme Ct. Den. of Habeas Corpus Pet. dated June 21, 2006.)

Field timely filed this petition on September 15, 2006. This matter was stayed by the Court pending the issuance of the mandate by the en banc panel of U.S. Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 603 F.3d. 546 (9th Cir. 2010) Ct. Rec. 14. The Court of Appeals has rendered its decision in Hayward. The Court now terminates its stay and decides the case.

The transcript of the record made before the Board reflects that the facts underlying the commitment offense and admitted by Petitioner are: On November 15, 1979, Field confronted his girlfriend, Sarah Preditt, when she went with a friend to pick up her final paycheck.

"[Preditt] was confronted by Field who engaged in a brief conversation with the victim. Field stated that he was going to kill himself. The victim got into the car to leave when Field asked her to remove the key from the ignition, which she did.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 2

Field then removed a 30 aught six caliber rifle from his vehicle and at gunpoint motioned for the victim to get out of the car. The victim ran into the middle of the parking lot and attempted to wave down a passing car. However, the car continued on as Field motioned with his rifle for the vehicle to keep moving. The victim did approach Field and stated, if you're going to shoot me go ahead. Field then shot the victim in the chest. He shot her again in the chest and she fell to the ground. Field then got into his vehicle and left the scene.

"..."That's pretty much the Statement of Facts. Did you commit this crime, sir?"

Inmate Field: "Yes, sir."   Hearing Transcript p. 12-13

### ISSUES RAISED/ DEFENSES

Field challenges the Board's determination that he was unsuitable for parole. Field alleges four grounds in support of the Petition:

1. The implementation of a uniform determinate sentencing law limits the Board's discretion and creates a liberty interest and expectation of a parole release date being granted as protected by due process under the state constitution and the 14th Amendment.

2. Petitioner was prejudiced at the 2004 Board hearing by a pattern and practice developed over the past 30 years of *pro forma* board hearings resulting in a deprivation of state and federal due process and equal protection of law.

3. That the State breached its contract with the Petitioner formed when Petitioner pled guilty in a negotiated plea agreement.

4. That the cumulative effect of the State's failure to abide by the terms of the plea agreement and the State's reliance on the commitment offense to prove a current risk to public safety leads to objectively unreasonable results in a manner that deprives petitioner of due process of law.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 3

Respondent admits that Field's Petition is timely and that he has exhausted his state judicial remedies as to the Board's 2004 denial of parole. Respondent denies that Field has exhausted any claims more broadly interpreted to challenge California's parole scheme. Respondent denies that Field is entitled to federal habeas relief under 28 U.S.C. s 2254 because the state court decision is neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.§ 2254(d), this court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[2] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the

---

[1] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[2] *Williams*, 529 U.S. at 412.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 4

Supreme Court over federal courts.[3] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[5] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[6] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[7] In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state court criminal proceeding is whether the error had a substantial and injurious effect or

---

[3] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir.2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not)

[5] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[6] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[7] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 5

influence in determining the outcome.[8] Because state court judgments of conviction and sentence carry a presumption of finality and legality, Field has the burden of showing by a preponderance of the evidence that he merits habeas relief.[9] In applying this standard, this court reviews the last reasoned decision by the state court.[10] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11] This presumption applies to state trial courts and appellate courts alike.[12]

## **DISCUSSION**

At bottom, Field's argument centers around his contention that the BPT solely relied on the commitment offense and pre-commitment crimes and ignored other factors that would auger in favor of setting a parole date.

Secondly, he argues that the BPT had an unlawful bias and invoked an "underground policy" of the State of California to deny setting parole release dates. His third argument is that the BPT

---

[8] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[9] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8(1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 6

ignored the "true facts" of the crime to which he pled guilty and inferred a pre-meditated, execution style overtone to the killing. In this case, the BPT found Field unsuitable for parole and a subsequent parole consideration hearing was delayed for four years. Hearing transcript at 77.

### 1. Commitment Offense and Other Factors

The Board found Field's actions with regard to the offense to be carried out in an especially cruel and callous manner, showing no regard for the life of another human being. (*Id.* at 69-70.) It also noted that the motive for the crime was inexplicable and very trivial in relationship to the crime. (*Id.* at 70.) The Board also noted that Field had an escalating pattern of criminal violence. (*Id.*) He failed prior grants of parole and probation and failed to profit from society's attempt to correct his criminality. (*Id.* at 71.) The Board also found that Field had a history of unstable and tumultuous relationships with others, specifically women. (*Id.*) Before the crime at issue, Field took a loaded gun onto school grounds and attempted to shoot an ex-girlfriend, but the weapon he was using misfired. (*Id.* at 70.)

Based on these facts, the Board indicated that it was concerned that Field would be unable to avoid criminality. (*Id.* at 71.) Field's prison record was also considered. The Board found no positive change in Field since his last appearance before the Board. (*Id.*) It noted that Field received six serious prison disciplinaries since his previous parole hearing; four for delaying a peace officer in the performance of his duties, one for refusing a direct order, and one for attempting to manipulate staff.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 7

1    Based on these actions, the Board found that Field did not
2 demonstrate that he wanted to change his conduct and become a good
3 citizen. (*Id.* at 72.) Field argues that the BPT ignored the
4 positive changes he had made, but the Board's discussion of his
5 record belies that. The Board considered the psychological report
6 Field relied on and found it wanting because it did not address
7 whether he would be a danger to the community at large
8 notwithstanding it found he was a low risk to re-offend within the
9 prison population. The BPT acknowledged Field had family support,
10 a place to stay if released and help in finding a job. Id at 73.
11 The Board also noted opposition to release by the Deputy District
12 Attorney from Santa Clara County based primarily on the victim's
13 family having concern or fear of the petitioner's release from
14 custody.  Thus, the record is clear that the BPT considered more
15 than the commitment offense and any prior behavior in determining
16 not to set a parole date.

17    The factors that the BPT may consider are set forth in Title
18 15, section 2402 of the California Code of Regulations. Among the
19 factors which may demonstrate unsuitability for release are "
20 ...(3) a history of unstable or tumultuous relationships with
21 others...and (6) [t]he prisoner has engaged in serious misconduct
22 in prison or jail."

23    A state prisoner's right to release on parole or to release
24 in the absence of some evidence of future dangerousness arises
25 from substantive state law creating a right to release and not
26 from any federal constitutional right. *Hayward v. Marshall*, 603
27 F.3d 546, 555 (9th Cir. 2010). The California Supreme Court has
28 established that "some evidence" of future dangerousness is an

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 8

essential condition for parole denial. *In re: Lawrence*, 44 Cal. 4th 1181, 1205, 82 Cal. Rptr. 169, 185 (2008). Federal courts reviewing a due process challenge to the denial of parole in California decide whether parole rejection was an unreasonable application of California's "some evidence" of dangerousness requirement or based on an unreasonable determination of the facts in light of the evidence. *Hayward* at 563.

In *In re: Shaputis*, 44 Cal.4th 1241 (2008), the California Supreme Court held:

> "[T]he precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the [Board]......It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the [Board's] decision reflects due consideration of the specified factors as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the [Board's] decision.

This court does not re-weigh the evidence or substitute its discretion for that of the Board. Under California law, judicial review of a decision denying parole is "extremely deferential." *In re: Rosenkrantz*, 59 P. 3d 174, 222 (Cal. 2002) It is through this doubly deferential lens that this court reviews the decision of the Santa Clara County Superior Court.

Based upon the record before it, applying *Rosenkrantz, Dannenberg, Lawrence,* and *Shaputis*, this court cannot say that the decision of the Santa Clara County Superior Court affirming denial of parole, finding multiple unsuitable factors in addition to the underlying commitment offense, was contrary to, or involved an

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 9

1  unreasonable application of California law or was based on an
2  unreasonable determination of the facts in light of the evidence.
3      <u>2. Sub rosa "policy" to deny parole.</u>
4      First, Field asserts that an evidentiary hearing is necessary
5  to determine if such a policy exists. An evidentiary hearing is
6  not necessary if the claims can be resolved on the existing state
7  record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). A
8  district court may still deny a petitioner an evidentiary hearing
9  if he has failed to avail himself of the opportunity to develop
10 the factual basis of a claim during his state court proceedings.
11 See 28 U.S.C. s. 2245(e)(2); *Bragg v. Galaza*, 242 F.3d 1082, 1090
12 n.5 (9th Cir. 2001).
13     Field cites *Martin v. Marshall*, 431 F.Supp.2d 1038 (N.D.
14 Cal.,2006), for the proposition that the State BPT and Governors
15 Wilson and Davis adopted a "no parole" policy for murderers and
16 that such policy is *per se* invalid, because the petitioner in that
17 case was denied his constitutional right to be heard by an
18 impartial decision maker. *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct.
19 1456, 43 L.Ed. 712 (1975).
20     Respondent denies that Field has exhausted any claims more
21 broadly interpreted to challenge California's parole scheme. Ct.
22 Rec. 6 at p. 3. Respondent does not address this argument in its
23 answer to the petition. Ct. Rec. 6. The Santa Clara County
24 Superior Court did note there that Field's principal claim is that
25 there has been a violation of his plea agreement. Ct. Rec. 1, Ex.
26 H.
27     Although presumptively unexhausted, the Court may nonetheless
28 deny a claim when, as alleged, it is clear no colorable federal

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 10

claim is presented. *Cassett v. Stewart*, 406 F. 3d 614, 624 (9th Cir. 2005).)

Field supports this argument with Ct.Rec. 1,Exs. Q, R and S. These documents consist of a declaration of a former member and chair of the BPT, a report of Law and Criminal Justice Committee (2000-2001) discussing said policy and a copy of the California Lifer Newsletter.

The Court does not need to reach the issue of exhaustion here and assumes Field did raise at least a colorable federal claim in the state habeas case. Significantly, Field does not produce any evidence that the BPT relied on this "sub rosa" policy in denying him a release date at the August, 2004 hearing.

Also significantly, the facts relied upon by the BPT here are remarkably dissimilar from those in *Martin*. In *Martin*, the petitioner had no prison write-ups for at least eight (8) years before his release date was established. Here, Field had six serious prison disciplinaries within a year of his parole hearing. Additionally, the petitioner in *Martin* had literally no criminal history in addition to the commitment offense. Field had a similar offense in which the same tragic result would have obtained except the firearm misfired.

The Court is cognizant of the decision in *Hayward* which holds that this Court "need only decide whether the California judicial decision approving [a] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement..." *Hayward*, at 562-63(citing 28 U.S.C. s. 2254(d)(2).

Respondent disagrees that this is the standard and that this Court's inquiry is controlled by *Greenholtz v. Inmates of Neb*.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 11

*Penal & Correctional Complex*, 442 U.S. 1,(1979)-the only Supreme Court jurisprudence directly addressing the process due in the parole context. But even if the Court reviews the reasonableness of the state court decision, Field is not entitled to relief. Field presented all of his claims to the state courts. The Santa Clara Superior Court found "some evidence" in support of the BPT's decision.

### 3. Breach of Plea Agreement and Due Process

The Court will consider the third and fourth grounds of the petition together.

Field argues that the BPT inferred facts not in evidence to "aggravate" his commitment crime to first-degree homicide. He argues that the BPT's statement, "And we know that you were convicted of second degree murder, but certainly this crime had the overtones of an execution style murder..." must have breached the plea agreement requiring a plea only to second degree murder.

That a plea agreement is a contract that must be honored by the state is well settled. *Santobello v. New York*, 404 U.S. 257, 262–63 (1971). The proper interpretation and effect of the agreement between the State of California and Field in this case is a matter governed by California contract law. What Field received in exchange for his guilty plea was a sentence of 15 years to life, with a possibility of parole at some point after he had served his minimum term. Field does not allege that there was any promise, actual or implied, of when or under what terms or conditions he might be given parole, or, for that matter, that he would be granted parole at all at any time. He simply argues that the passage of 25 years establishes a breach.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 12

Nor does Field argue that any such agreement, if one did exist, which is doubtful,[13] would be enforceable under California law. Under California law, the Board "may credit evidence suggesting the inmate committed a greater degree of the offense than his or her conviction evidences."[14] To the extent that Field may be relying on *Apprendi* and its progeny,[15] suffice it to say that the Supreme Court has never held that the principle in *Apprendi* applies in the parole context. "[A]bsent a specific constitutional violation, federal habeas corpus review of [state proceedings] is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[16] "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[17]

Having failed to raise an issue of constitutional dimension, Field is not entitled to relief on this ground.

---

[13] *In re Lowe*, 31 Cal. Rptr.3d 1, 13 (Cal. App. 2005) (holding that when a defendant enters a guilty plea, he has no reasonable expectation regarding the identity of the person or persons who would exercise discretion in evaluating his suitability for parole, or that the person or persons would not change over time, citing *Rosenkrantz*, 59 P.3d at 193).

[14] *In re Dannenberg*, 104 P.3d 783, 803 (Cal. 2005) (citing *In re Rosenkrantz*, 59 P.3d 174, 219(Cal. 2002)).

[15] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004).

[16] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637,643 (1974)).

[17] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); see *Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 13

1    **IT IS RECOMMENDED**, for the reasons stated, that the Stay
2 should be **LIFTED** and the Petition should be **DENIED**.
3    **IT IS FURTHER RECOMMENDED** that the District Court decline to
4 issue a Certificate of Appealability.[18]  Any further request for a
5 COA must be addressed to the Court of Appeals.[19]

## OBJECTIONS

7    Any party may object to the magistrate judge's proposed
8 findings, recommendations or report within fourteen (14) days
9 following service with a copy thereof.  Such party shall file with
10 the Clerk of the Court all written objections, specifically
11 identifying the portions to which objection is being made, and the
12 basis therefore.  Attention is directed to Fed. R. Civ. P. 6(e),
13 which adds another three (3) days from the date of mailing if
14 service is by mail.  A district judge will make a de novo
15 determination of those portions to which objection is made and may
16 accept, reject, or modify the magistrate judge's determination.
17 The district judge need not conduct a new hearing or hear
18 arguments and may consider the magistrate judge's record and make
19 an independent determination thereon.  The district judge may also
20 receive further evidence or recommit the matter to the magistrate
21 judge with instructions.

---

[18] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been  resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

[19] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 14

1   See 28 U.S.C. § 636 (b) (1) (C) , Fed. R. Civ. P. 73, and LMR
2 4, Local Rules for the Eastern District of California.
3   A magistrate judge's recommendation cannot be appealed to a
4 court of appeals; only the district judge's order or judgment can
5 be appealed.
6   The District Court Executive **SHALL FILE** this report and
7 recommendation and serve copies of it on the referring judge and
8 the parties.
9   **DATED** this 7th day of October, 2010.

                                    s/James P. Hutton
                                    JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 15